# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEWAYNE NICKERSON, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JANSSEN PHARMACEUTICALS, INC., et al., ) <br> ) <br> Defendants. ) | No. 4:15CV1762 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand to the Twenty-Second Judicial Circuit, City of St. Louis, Missouri. (ECF No. 16) The motion is fully briefed and ready for disposition. For the following reasons, the motion will be granted.

## Background

Plaintiffs filed this action in the Circuit Court of the City of St. Louis on October 27, 2015, alleging 11 causes of action against Defendants arising out of injuries Plaintiffs sustained as a result of their ingestion of the diabetes drug, Invokana. Plaintiffs assert claims of strict product liability for design defect, strict product liability for failure to warn, willful and wanton conduct or gross negligence, negligence, breach of express warranty, breach of implied warranty, fraudulent misrepresentation, negligent misrepresentation, negligent design, fraudulent concealment, and fraud. The twenty-six Plaintiffs reside in multiple states, including Missouri, New Jersey, and Pennsylvania. Defendants are citizens of New Jersey, Pennsylvania, and Japan.

On November 30, 2015, Defendants removed this action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). Despite the lack of complete diversity on the face of the Petition, Defendants contend that federal diversity jurisdiction exists because this

Court does not have personal jurisdiction over the non-Missouri Plaintiffs, including the single Plaintiff from New Jersey and the single Plaintiff from Pennsylvania. Defendants urge the Court to rule on the personal jurisdiction issue before addressing the issue of subject matter jurisdiction. Plaintiffs move to remand this case to the Circuit Court of the City of St. Louis, Missouri, because complete diversity does not exist, and Plaintiffs' claims are neither fraudulently joined nor fraudulently misjoined.

## Discussion

At the outset, the Court declines to rule on the personal jurisdiction first. A district court may not proceed in a case unless it has jurisdiction. *Crawford v. F. Hoffman-La Roche, Ltd*, 267 F.3d 760, 764 (8th Cir. 2001). Under Supreme Court precedent set forth in *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.574 (1999), a Court has discretion to consider personal jurisdiction first where personal jurisdiction is straightforward and presents no complex question of state law, and the alleged defect in subject matter jurisdiction raises a difficult question. *Id.* at 588; *see also Crawford*, 267 F.3d at 764 ("[C]ertain threshold questions, such as personal jurisdiction, may be taken up without a finding of subject-matter jurisdiction, provided that the threshold issue is simple when compared to the issue of subject-matter jurisdiction."). However, "in most instances subject-matter jurisdiction will involve no arduous inquiry . . . [and] both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." *Id.* at 587-88. Courts in this district addressing the same issue have found that personal jurisdiction requires a more fact-intensive inquiry than the straightforward issue of subject-matter jurisdiction. *See, e.g., Morgan v. Janssen Pharms., Inc.*, No. 4:14-CV-1346 CAS, 2014 WL 6678959, at *2 (E.D. Mo. Nov. 25, 2014) (finding the issue of subject matter jurisdiction in an action arising from the drug Risperidone was a straightforward legal issue that

2

judges in this district had already addressed and that issues of personal jurisdiction required a more fact-intensive inquiry); *Butler v. Ortho-McNeil-Janssen Pharms., Inc.*, No. 4:14CV1485 RWS, 2014 WL 5025833, at *1 (E.D. Mo. Oct. 8, 2014) (declining to rule on issues of personal jurisdiction first because the subject matter jurisdiction issue was not arduous). Thus, the Court in its discretion will first determine the issue of subject matter jurisdiction, as the question personal jurisdiction requires a more fact-intensive inquiry. *See Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072-73 (8th Cir. 2004) (noting a determination of personal jurisdiction requires looking at affidavits and exhibits in addition to the face of the pleadings).

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citation omitted). Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over a civil action where the amount in controversy exceeds the sum of $75,000 and there is complete diversity of citizenship between the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *One Point Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted). In removal cases, the Court reviews the state court petition and the notice of removal in order to determine whether it has jurisdiction. *Branch v. Wheaton Van Lines, Inc.*, No. 4:14-CV-01735, 2014 WL 6461372, at *1 (E.D. Mo. Nov. 17, 2014). "Where the defendant seeks to invoke federal jurisdiction through removal, . . . , it bears the burden of proving that the jurisdictional threshold is satisfied." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (citation omitted). District courts are to resolve all doubts regarding federal jurisdiction in favor of remand. *In re Business Men's Assur. Co. of Am.*, 992 F.3d 181, 183 (8th Cir. 1993).

There is no dispute that Plaintiff Roxanne Horbatuck is a citizen of New Jersey, and Plaintiff George Fentzlaff is a citizen of Pennsylvania, thereby defeating diversity jurisdiction. However, an exception to the complete diversity requirement exists where "a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *In re Prempro*, 591 F.3d at 620; *see also Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 ("Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent.") In the instant case, Defendants argue that the non-Missouri citizens in this case are fraudulently joined with the Missouri Plaintiffs and that such joinder is a sham. Specifically, Defendants assert that the non-Missouri Plaintiffs' claims are not viable under Missouri law because those Plaintiffs cannot establish personal jurisdiction under Missouri law.

In this district, courts have consistently held that an alleged lack of personal jurisdiction does not establish fraudulent joinder. *See Triplett v. Janssen Pharms., Inc.*, No. 4:14-CV-02049-AGF, 2015 U.S. Dist. LEXIS 160580, at *13 (E.D. Mo. July 7, 2015) (finding defendants failed to satisfy their burden to establish fraudulent joinder because the fraudulent joinder doctrine requires the court to consider the merits of plaintiffs' claims under state law, and a personal jurisdiction challenge does not go to the merits of the claim); *Gracey v. Janssen Pharms., Inc.*, No. 4:15-CV-407 CEJ, 2015 WL 2066242, at *3 (E.D. Mo. May 4, 2015) (rejecting defendants' attempt to premise a fraudulent joinder argument on the state court's alleged lack of personal jurisdiction); *Simmons v. Skechers USA, Inc.*, No. 4:15-CV-340-CEJ, 2015 WL 1604859, at *3 (E.D. Mo. Apr. 9, 2015) (remanding action because the defendants' only argument for fraudulent joinder of non-Missouri plaintiffs was a procedural challenge to personal jurisdiction instead of a substantive challenge to the viability of the claims).

In support of their fraudulent joinder argument, Defendants rely on cases from other jurisdictions to assert that a party's fraudulent joinder can be premised on a lack of personal jurisdiction. The Court finds these cases unpersuasive. Decisions from other district courts outside the Eighth Circuit "are not sufficient indicators that the Eighth Circuit Court of Appeals is likely to alter a precedent that has been applied consistently in the Eighth Circuit." *Hogans v. Johnson & Johnson*, No. 4:14-CF-1385, 2014 WL 4749162, at *3 (E.D. Mo. Sept. 24, 2014). Thus, the Court follows the approach taken by district courts in the Eastern District of Missouri and finds that Defendants have failed to establish fraudulent joinder in this case. Therefore, "the Court must remand this matter for lack of subject matter jurisdiction and leave to the state court the question of personal jurisdiction." *Triplett*, 2015 U.S. Dist. LEXIS 160580, at *13.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (ECF No. 16) is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, Missouri, from which it was removed, under 28 U.S.C. § 1447(c). An appropriate Order of Remand will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that all pending motions in this case (ECF Nos. 2, 4) are **DENIED** without prejudice.

Dated this 26th Day of May, 2016.

*[signature: Ronnie L. White]*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**